IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:18-CR-435-D
No. 5:20-CV-34-D

| | | |
|---|---|---|
| EDDIE LAMAR PHILLIPS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | MEMORANDUM IN SUPPORT OF |
| v. | ) | MOTION TO DISMISS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court should deny Petitioner Eddie Lamar Phillip's ("Petitioner") 28 U.S.C. § 2255 motion for failure to state a claim upon which relief can be granted. Petitioner pleaded guilty under terms of a plea agreement. By his knowing and voluntary guilty plea, Petitioner's ineffective assistance of counsel claims were resolved. Additionally, Petitioner procedurally defaulted on his claim of prosecutorial misconduct.

STATEMENT OF THE CASE

On January 28, 2020, Petitioner filed a § 2255 motion that alleged Assistant Federal Public Defender Joseph Ross, III, ("AFPD Ross") provided ineffective assistance of counsel by: (1) "turning a blind eye" to the government's alleged speedy trial violation (Ground One), (2) failing to challenge a violation of Petitioner's Fourth Amendment rights (Ground Two), (3) failing to research the law related to North Carolina traffic laws (Ground Three), and (4) failing to provide adequate pre plea advice (Ground Four). D.E. 42 at 4-10, D.E. 46 at 1-15. Petitioner also asserted a

1

claim of prosecutorial misconduct based on the alleged destruction of evidence consisting of videotapes of the car stop and his interrogation. D.E. 46 at 16-18.

On April 2, 2020, Petitioner filed a memorandum in support the motion. D.E. 46.

## STATEMENT OF THE FACTS

Petitioner sold drugs and guns in the Fayetteville, North Carolina, area. D.E. 33, ¶ 10. April 24, 2018, Fayetteville Police Department officers stopped Petitioner for a window tint violation. D.E. 33, ¶ 9. An officer who was familiar with Petitioner from earlier encounters asked Petitioner if Petitioner had smoked marijuana and Petitioner said, "Yes." D.E. 33, ¶ 9. The officers contacted a K-9 unit. The K-9 unit responded and indicated the presence of contraband inside the vehicle. D.E. 33, ¶ 9. Officers searched the vehicle and recovered a jar containing "moon rocks," marijuana buds dipped in THC oil and then rolled into THC crystals. D.E. 33, ¶ 9. Officers also searched Petitioner and recovered $1,125, a bag containing 26.7 grams of marijuana, and 5 "moon rocks." D.E. 33, ¶ 9. Petitioner's girlfriend arrived at the scene. D.E. 33, ¶ 9.

Officers arrested Petitioner. D.E. 33, ¶ 10. He provided an unprotected statement in which he admitted that he sold heroin and firearms and that he possessed the items at his residence. D.E. 33, ¶ 10. The officers obtained a search warrant for Petitioner's phone and residence. D.E. 33, ¶ 10. A search of his phone yielded evidence of Petitioner's discussion of his sales of drugs and firearms. D.E. 33, ¶ 10. A search of his residence yielded a money counter, multiple cell phones, and

more than 200 rounds of ammunition, handgun magazines, and an unspecified amount of marijuana. D.E. 33, ¶ 10.

Law enforcement officers contacted Petitioner's girlfriend and questioned her. D.E. 33, ¶ 11. Petitioner's girlfriend told the officers that after the officers stopped Petitioner she went back to his residence and removed heroin and firearms from Petitioner's residence and stored the items at a house belonging to Petitioner's cousin in Fayetteville. D.E. 33, ¶ 11. Petitioner's girlfriend, accompanied by law enforcement officers, went to the house where she turned over 9.1 grams of cocaine, 12.8 grams of crack, 83.8 grams of heroin, 3.5 grams of marijuana, and a .380 caliber handgun, a 9mm handgun, and a .25 caliber handgun. D.E. 33, ¶ 11.

On April 26, 2018, Petitioner provided another unprotected statement. D.E. 33, ¶ 12. On this occasion, he told law enforcement officers that he traded heroin for the .380 caliber handgun, that he possessed firearms to protect his family and drug trade, and that he previously purchased 500 grams of heroin. D.E. 33, ¶ 12. On May 3, 2018, Petitioner bonded out on the state drug charges.

On November 7, 2018, the Grand Jury issued a four-count indictment. D.E. 1. The Grand Jury charged Petitioner with possession with intent to distribute a quantity of marijuana, in violation of 21 U.S.C. § 841(a)(1) (Count 1), possession with intent to distribute a quantities of marijuana and heroin, in violation of 21 U.S.C. § 841(a)(1) (Count 2), possession of firearms in furtherance of a drug trafficking crime as alleged in Count Two, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count 3), and possession of firearms, in and affecting commerce, after having been convicted of a

crime punishable by imprisonment for a term exceeding one (1) year, in violation of 18 U.S.C. §§ 922 (g)(1) and 924 (Count 4). D.E. 1.

On November 16, 2018, federal law enforcement officers arrested Petitioner and brought him before a United States magistrate for an initial appearance on the charges contained in the indictment. D.E. 8. The United States moved for Petitioner's detention and the hearing was set for November 21, 2018. D.E. 8-9.

On November 20, 2018, AFPD Ross filed a notice of appearance on behalf of Petitioner. D.E. 12.

On November 21, 2018, Petitioner appeared with AFPD Ross. Petitioner executed a waiver of detention hearing and waived the hearing. D.E. 15-16.

On January 16, 2019, AFPD Ross moved to continue Petitioner's arraignment citing the need to review discovery with Petitioner and to "negotiate a possible plea with the Government and discuss any plea offers with [Petitioner]." D.E. 20. The Court granted the motion. D.E. 21.

On February 15, 2019, the Court arraigned Petitioner on the indictment. After the Court placed Petitioner under oath, the Court advised him of his rights, the charges, and the maximum penalties. D.E. 24-25. Pursuant to a written plea agreement, Petitioner provided sworn statements admitting his guilt to Counts 3 and 4. D.E. 24-25.

On June 3, 2019, the Court sentenced Petitioner to 60 months' imprisonment on Count 3, consecutive to 84 months' imprisonment on Count 4 for a total of 144 months' imprisonment; and upon release of imprisonment a 5-year term of supervised

4

release on Count 3 and a concurrent 3-year term of supervised release on Count 4; and a $200 special assessment. D.E. 35, 37. The Court entered judgment on June 18, 2019. D.E. 37. Petitioner did not appeal.

ARGUMENT

Pursuant to Fed. R. Civ. P. 12(b)(6), the Court should dismiss Petitioner's § 2255 motion for failure to state a claim upon which relief may be granted. Petitioner's motion is meritless because Petitioner cannot establish counsel's performance was deficient.

A. Standard of Review

"To survive a motion to dismiss pursuant to Rule 12(b)(6), [Petitioner's] '[f]actual allegations must be enough to raise a right to relief above the speculative level,' thereby 'nudg[ing] their claims across the line from conceivable to plausible.'" Aziz v. Alcolac, Inc., 658 F.3d 388, 391 (4th Cir. 2011) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Petitioner's allegations must "plausibly establish[] the elements of his asserted cause of action." United States ex rel. Oberg v. Pennsylvania Higher Educ. Assistance Agency, 745 F.3d 131, 146 (4th Cir. 2014).

B. Discussion

1. Petitioner's § 2255 motion fails to establish the performance prong in Strickland v. Washington, 466 U.S. 668 (1984).

A prisoner in federal custody may challenge the legality of a federal sentence pursuant to 28 U.S.C. § 2255 on four grounds. The grounds are: (1) imposition of a sentence in violation of the Constitution or laws of the United States, (2) the sentencing court lacked jurisdiction, (3) the sentence exceeded the maximum

5

authorized by law, or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. A petitioner bears the burden of proving his or her grounds for collateral relief by a preponderance of the evidence. Hall v. United States, 30 F. Supp. 2d 883, 889 (E.D. Va. 1998) (citing Vanater v. Boles, 377 F.2d 898, 900 (4th Cir. 1967)). Relief under § 2255 is appropriate to prevent a complete miscarriage of justice. United States v. Addonizio, 442 U.S. 178, 185 (1979).

Under Strickland, Petitioner bears the burden of demonstrating (1) that his counsel's performance fell below an objective standard of reasonableness and (2) that the outcome of the proceeding would have been different but for his attorney's substandard representation. See Kimmelman v. Morrison, 477 U.S. 365, 382 (1986).

AFPD Ross's performance is "afforded a strong presumption that … [it] was within the extremely wide range of professionally competent assistance." Baker v. Corcoran, 220 F.3d 276, 293 (4th Cir. 2000). Guided by Strickland, Petitioner must show "that counsel's performance fell below an objective standard of reasonableness." Sharpe v. Bell, 593 F.3d 372, 382 (4th Cir. 2010). (internal quotation marks omitted). "Judicial scrutiny of counsel's performance must be highly deferential, and a reviewing court must avoid the biases of hindsight." Id. (internal quotation marks and citations omitted); see also United States v. Roane, 378 F.3d 382, 404 (4th Cir. 2004) (noting that courts apply a "'strong presumption that a trial counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance'") (quoting Strickland, 466 U.S. at 689).

Petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Strickland, 466 U.S. at 694.

When challenging a guilty plea, Petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." See Hill v. Lockhart, 474 U.S. 52, 59 (1985); see also Lafler v. Cooper, 132 S. Ct. 1376, 1384-85 (2012)(discussing Hill). "Acknowledging guilt and accepting responsibility by an early plea respond to certain basic premises in the law and its function." Premo v. Moore, 562 U.S. 115, 124, (2011).

Here, Petitioner cannot meet his high burden to establish that but for AFPD Ross's performance he would have insisted on going to trial. Hill, 474 U.S. at 53-59. Petitioner entered a written plea agreement in which he waived his right to appeal, "excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of Defendant's guilty plea," and any interests in the firearms seized. D.E. 25, ¶¶ 2(c) and (d). The plea agreement also established the elements of the offenses and the maximum penalties. D.E. 25, ¶ 3. Additionally, the Court thoroughly advised him of his constitutional rights, and the charges and maximum penalties. Petitioner then provided the Court with sworn statements admitting he possessed the firearms in furtherance of his drug trafficking (Count 3) and possessed the firearms after he had previously been convicted of a felony offense (Count 4).

7

Against this backdrop, Petitioner claims in Ground 4 that AFPD Ross coerced him into pleading guilty. As demonstrated by his responses under oath to the Court's questions at the Rule 11 proceeding, this claim is meritless. Likewise, Grounds One through Three are equally meritless.

## Ground One

Petitioner asserts without factual enhancement that AFPD Ross turned a "blind eye" to an alleged speedy trial violation:

> When he allowed the prosecution to waive petitioner's fast and speedy trial rights under the first indictment, by turning a blind eye that the government waited over a ("30") day period between the first present [sic] and the second one, without any explination [sic] why the United States could not have determine its grandjury [sic] charges was inadequent [sic], or the fact that counsel should have claimed that the United States Attorney was acting arbitrary and vindictive towards movant's right to trial proceedings.

D.E. 42 at 5. There is no evidence in the record to support this bald allegation. State authorities arrested and detained Petitioner on April 24, 2018, until they released him on bond on May 3, 2018. D.E. 33 at 1. The Grand Jury charged Petitioner in an indictment issued on November 7, 2018, and federal authorities arrested Petitioner on November 14, 2018. D.E. 1; D.E. 33 at 1. There exists no factual basis for Petitioner's claim in Ground One that there was more than one presentment to the Grand Jury or that there exists a basis for a speedy trial violation claim. Contrary to these assertions, the record demonstrates that AFPD Ross moved to continue Petitioner's arraignment, for among other reasons, to allow him additional time to review discovery. D.E. 20. As such, the Court should dismiss the claim.

8

Grounds Two and Three

Petitioner asserts AFPD Ross should have raised various Fourth Amendment violation claims and properly researched North Carolina traffic law regarding the allowable extent a vehicle's window may be tinted. D.E. 42 at 5-8. These claims fail because law enforcement officers did not recover the drugs and firearms, which form the basis for Petitioner's guilty pleas during a search warrant or based on the search of Petitioner's vehicle.

In Rakas v. Illinois, 439 U.S. 128, 143-44 (1978), the Supreme Court held that a defendant must demonstrate that he personally has an expectation of privacy in the place searched and that his expectation was reasonable. Id.

Here, Petitioner's girlfriend turned over the drugs and firearms. She told law enforcement officers that she moved the items from Petitioner's residence and stored them at his cousin's house. D.E. 33, ¶ 11. Petitioner's motion fails to allege he had a legitimate expectation of privacy in his cousin's house where the drugs and firearms were located and therefore AFPD Ross had no basis to challenge seizure of the items.[1]

---

[1] With regard to the car stop and seizure of 26.7 grams of marijuana, the presentence report establishes that an officer stopped the vehicle for a tinted window violation and an officer familiar with Petitioner and asked him if he had smoked marijuana to which Petitioner replied, "yes." D.E. 33, ¶ 9. Petitioner's statement of facts is silent on whether he acknowledged that he had smoked marijuana as stated in the facts established by the presentence report. What is undisputed is that a K9 unit arrived and a search of the vehicle began. D.E. 33, ¶ 33; D.E. 46 at 2. The K9 unit indicated the presence of contraband in the vehicle and officers searched the vehicle and recovered marijuana. D.E. 33, ¶ 9. With regard to the search of Petitioner's phone and apartment, the officers obtained search warrants yielded evidence of Petitioner's discussion of his sales of drugs and firearms in the cellphone and a search of his residence yielded a money counter, multiple cellphones, and more than 200 rounds of

Accordingly, Petitioner fails to establish the Strickland performance prong on this claim as well.

> 2. Petitioner has procedurally defaulted on his claim of prosecutorial misconduct.

Although not cited in the § 2255 motion as a ground for relief, Petitioner's memorandum asserts a claim of prosecutorial misconduct based on a claim that the prosecutor knew Fayetteville Police Department Officers used and retained body cameras and dashboard cameras. D.E. 46 at 16-18. Petitioner procedurally defaulted on his prosecutorial misconduct claim. See Murray v. Carrier, 477 U.S. 478, 490-492 (1986) (claim not raised on direct appeal is procedurally defaulted).

For Petitioner to overcome procedural default, he must either show "cause" for the default and "actual prejudice" or, alternatively, that he is actually innocent. Bousley v. United States, 523 U.S. 614, 622 (1998). With respect to cause and prejudice, Petitioner offers no reason why he did not raise this claim on direct appeal. Nor is futility a reasonable ground in this case. "[F]utility cannot constitute cause if it means simply that a claim was 'unacceptable to that particular court at that particular time.'" Engle v. Isaac, 456 U.S. 107, 130, n.35 (1982). Therefore, Petitioner cannot establish cause to overcome his procedural default on this issue.

Because Petitioner cannot establish procedural default, he must show "actual innocence" to prevail. The "actual innocence" exception requires Petitioner to show that it was "more likely than not that no reasonable juror would have convicted him"

---

ammunition, handgun magazines, and an unspecified amount of marijuana. D.E. 33, ¶ 10.

had the district court correctly instructed the jury and given the government the opportunity to adduce evidence of the omitted element. Schlup v. Delo, 513 U.S. 298, 327–328, (1995). It is not the Court's independent judgment as to whether reasonable doubt exists that the standard addresses; rather the standard requires the Court to make a probabilistic determination about what reasonable, properly instructed jurors would do. Schlup, 513 U.S. at 329. The Supreme Court stated in Bousley "'actual innocence' means factual innocence, not mere legal insufficiency." 523 U.S. at 623; see also United States v. Pettiford, 612 F.3d 270, 282 (4th Cir. 2010)(holding that a movant must demonstrate factual innocence of the predicate offense that supports the guideline enhancement).

Petitioner cannot establish factual innocence. Petitioner pled guilty to Counts Three and Four of the indictment. Therefore, Petitioner's claim fails.

## CONCLUSION

WHEREFORE, for the above-stated reasons, the Court should dismiss Petitioner's § 2255 motion.

Respectfully submitted this 26th day of June 2020.

>ROBERT J. HIGDON, JR.
>United States Attorney
>
>By: /s/ <u>Michael G. James</u>
>MICHAEL G. JAMES
>Assistant United States Attorney
>Office of the United States Attorney
>Eastern District of North Carolina
>150 Fayetteville Street
>Suite 2100
>Raleigh, NC 27601
>Telephone: (919) 856-4530
>Facsimile: (919) 856-4821
>Email: mike.james@usdoj.gov
>N.Y. Reg. No. 2481414
>Attorney for Respondent

CERTIFICATE OF SERVICE

I do hereby certify that I have this 26th day of June 2020, served a copy of the foregoing upon the below-listed party on this date by placing a copy in the United States mail addressed to the following:

Eddie Lamar Phillips
65532-056
McCreary - U.S.P.
P.O. Box 3000
Pine Knot, KY 42635
PRO SE

    /s/Michael G. James
MICHAEL G. JAMES
Assistant United States Attorney
Civil Division
150 Fayetteville Street
Suite 2100
Raleigh, NC 27601
Telephone: (919) 856-4530
Facsimile: (919) 856-4821
Email: mike.james@usdoj.gov
N.Y. Reg. No. 2481414
Attorney for Respondent