IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:18-CR-435-D-1
No. 5:20-CV-34-D

EDDIE LAMAR PHILLIPS,                )
                                     )
                    Petitioner,      )
                                     )
        v.                           )          **ORDER**
                                     )
UNITED STATES OF AMERICA,            )
                                     )
                    Respondent.      )


On January 28, 2020, Eddie Lamar Phillips ("Phillips") moved pro se under 28 U.S.C. § 2255

to vacate, set aside, or correct his 144-month sentence [D.E. 42]. On April 2, 2020, Phillips filed

a memorandum in support [D.E. 46]. On June 22, 2020, Phillips moved pro se to amend his section

2255 motion [D.E. 57].[1] On June 26, 2020, the government moved to dismiss Phillips's motion

[D.E. 58] and filed a memorandum in support [D.E. 59]. On April 15, 2022, the court notified

Phillips of the motion to dismiss, the consequences of failing to respond, and the response deadline

[D.E. 64]. See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam). Phillips did

not respond, and the time in which to do so has expired. As explained below, the court grants

Phillips's motion to amend, grants the government's motion to dismiss, and dismisses Phillips's

section 2255 motion.

---

[1] On June 18, 2020, Phillips moved, through counsel, to amend his section 2255 motion
based on the Supreme Court's decision in Rehaif v. United States, 139 S. Ct. 2191 (2019) [D.E. 56].
On September 15, 2021, counsel withdrew that motion [D.E. 61].

## I.

On February 15, 2019, pursuant to a plea agreement and after a thorough Rule 11 colloquy, Phillips pleaded guilty to possession of a firearm in furtherance of a drug trafficking crime (count three) and possession of firearms by a felon (count four). See [D.E. 24]; Plea Agr. [D.E. 25]; PSR [D.E. 33]. On June 3, 2019, the court held Phillips's sentencing and found Phillips's total offense level to be 21, his criminal history category to be VI, and his advisory guideline range to be 77 to 96 months' imprisonment on count four and 60 months' consecutive imprisonment on count three. See [D.E. 35, 37]. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Phillips to 84 months' imprisonment on count four and 60 months' consecutive imprisonment on count three, for a total of 144 months' imprisonment. See [D.E. 37] 2. Phillips did not appeal.

## II.

In Phillips's section 2255 motion, Phillips argues that (1) his conviction was based on illegal searches and a "fake confession;" (2) his trial counsel coerced his guilty plea thereby rendering it not knowing and voluntary; (3) the United States engaged in prosecutorial misconduct; and (4) he received ineffective assistance of counsel because counsel waived his speedy trial right, "fail[ed] to mount a 4th Amendment challenge," coerced Phillips into pleading guilty, failed to investigate and bring a prosecutorial misconduct challenge, failed to challenge the superseding indictment, and had a conflict of interest. [D.E. 42]; [D.E. 46]; see [D.E. 46-1]. Phillips also seeks to amend his section 2255 motion to raise a Rehaif challenge to his conviction. See [D.E. 57].

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests a complaint's legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544,

2

555–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201(d); Tellabs, Inc. v. Makor Issues & Rts., Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion, the court is not limited to the motion itself. The court may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993). Likewise, a court may rely on its own familiarity with the case. See, e.g., Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977); United States v. Dyess, 730 F.3d 354, 359–60 (4th Cir. 2013).

## A.

Phillips procedurally defaulted the claims that do not allege ineffective assistance of counsel by failing to raise them on direct appeal. Thus, the general rule of procedural default bars Phillips from presenting these claims under section 2255. See, e.g., Massaro v. United States, 538 U.S. 500, 504 (2003); Bousley v. United States, 523 U.S. 614, 621 (1998); United States v. Fugit, 703 F.3d 248, 253 (4th Cir. 2012); United States v. Sanders, 247 F.3d 139, 144 (4th Cir. 2001). Furthermore, Phillips has not plausibly alleged "actual innocence" or "cause and prejudice" resulting from the alleged errors about which he now complains. See Bousley, 523 U.S. at 622–24; Coleman v. Thompson, 501 U.S. 722, 753 (1991); United States v. Frady, 456 U.S. 152, 170 (1982); United

3

States v. Pettiford, 612 F.3d 270, 280–85 (4th Cir. 2010); Sanders, 247 F.3d at 144; United States v. Mikalajunas, 186 F.3d 490, 492–95 (4th Cir. 1999).[2] Thus, these claims fail.

Alternatively, the court dismisses Phillip's Rehaif claim for failure to state a claim upon which relief can be granted. Phillips knew he was a felon when he possessed three firearms in furtherance of a drug trafficking crime. See Greer v. United States, 141 S. Ct. 2090, 2096–2100 (2021); Edwards v. Vannoy, 141 S. Ct. 1547, 1554–62 (2021). At the time, Phillips had felony convictions for possession with intent to manufacture, sell, or deliver cocaine, possession of cocaine (three counts on separate occasions), possession with intent to manufacture, sell, or deliver marijuana (four counts on separate occasions), and possession with intent to manufacture, sell, or deliver heroin. See PSR ¶¶ 20–21, 24, 31–32, 35.[3]

Alternatively, Phillips's plea agreement contains a collateral-attack waiver. See Plea Agr. ¶ 2(c). In the waiver, Phillips agreed

> [t]o waive knowingly and expressly all rights, conferred by 18 U.S.C. § 3742, to appeal the conviction and whatever sentence is imposed on any ground, including any issues that relate to the establishment of the advisory Guideline range, reserving only the right to appeal from a sentence in excess of the applicable advisory Guideline range that is established at sentencing, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea.

Id. In light of Phillips's Rule 11 proceeding, the collateral-attack waiver is enforceable. See [D.E.

---

[2] Phillips claims that he did not raise these claims on direct appeal because "official interference made compliance impracticable," but he does not plausibly allege any reasons that would excuse his procedural default. See [D.E. 42] 4–9.

[3] Phillips argues that his conviction is not valid because "the jury never found he had the knowledge required for conviction." [D.E. 57] 3. Phillips, however, pleaded guilty pursuant to a plea agreement.

4

24]; see also United States v. Copeland, 707 F.3d 522, 528–30 (4th Cir. 2013); United States v. Thornsbury, 670 F.3d 532, 537 (4th Cir. 2012); United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005); United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). Phillips's Fourth Amendment claims fall within the collateral-attack waiver. Additionally, Phillips knew of the basis for his ineffective assistance of trial counsel and prosecutorial misconduct claims at the time of his guilty plea. See [D.E. 42] 4–8; [D.E. 46]; [D.E. 46-1] ¶¶ 15–20; cf. United States v. Simpson, 621 F. App'x 192, 193 (4th Cir. 2015) (per curiam) (unpublished); United States v. Gonzalez, 97 F. App'x 447, 447–48 (4th Cir. 2004) (per curiam) (unpublished) (holding actions by counsel that occurred after defendant's guilty plea were not covered by the waiver). Thus, the waiver bars Phillips's Fourth Amendment, ineffective assistance of counsel, and prosecutorial misconduct claims.

## B.

Alternatively, Phillip's ineffective assistance of counsel claims fail on the merits. "The Sixth Amendment entitles criminal defendants to the effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." Bobby v. Van Hook, 558 U.S. 4, 7 (2009) (per curiam) (quotations omitted). The Sixth Amendment right to counsel extends to all critical stages of a criminal proceeding, including plea negotiations, trial, sentencing, and appeal. See, e.g., Lee v. United States, 137 S. Ct. 1958, 1964–65 (2017); Lafler v. Cooper, 566 U.S. 156, 164–65 (2012); Missouri v. Frye, 566 U.S. 134, 140 (2012); Glover v. United States, 531 U.S. 198, 203–04 (2001). To state a claim of ineffective assistance of counsel in violation of the Sixth Amendment, a defendant must show that his attorney's performance fell below an objective standard of reasonableness and that he suffered prejudice as a result. See Strickland v. Washington, 466 U.S. 668, 687–96 (1984); United States v. Mayhew, 995 F.3d 171, 176 (4th Cir. 2021).

5

When determining whether counsel's representation was objectively unreasonable, a court must be "highly deferential" to counsel's performance and must attempt to "eliminate the distorting effects of hindsight." Strickland, 466 U.S. at 689. Therefore, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. A party also must show that counsel's deficient performance prejudiced the party. See id. at 691–96. A party does so by showing "that there is a reasonable probability that," but for the deficiency, "the result of the proceeding would have been different." Id. at 694.

When a defendant pleads guilty and later attacks his guilty plea, "to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985); see Lee, 137 S. Ct. at 1965. "Surmounting Strickland's high bar is never an easy task, and the strong societal interest in finality has special force with respect to convictions based on guilty pleas." Lee, 137 S. Ct. at 1967 (citations and quotation omitted).

Phillips alleges that trial counsel "allowed [Phillips] to plead guilty to another person[']s crime" and challenges whether his guilty plea was knowing and voluntary. [D.E. 42] 8. Phillips's sworn statements during his Rule 11 proceeding contradict this claim, and Phillips's sworn statements bind him. See [D.E. 24, 25]; see, e.g., Blackledge, 431 U.S. at 74; United States v. Moussaoui, 591 F.3d 263, 299–300 (4th Cir. 2010); Lemaster, 403 F.3d at 221–23. At his Rule 11 hearing, while under oath, Phillips affirmed he was fully satisfied with counsel's services. Phillips affirmed that no one had threatened him or anyone else or forced him in any way to plead guilty. Phillips also affirmed that he read the plea agreement and discussed it with his attorney and that he understood each term in the plea agreement before signing it. Phillips had first-hand knowledge of his confession and vehicle search and had received discovery before he signed his plea agreement.

6

See [D.E. 42] 5; [D.E. 46] 11; [D.E. 46-1] ¶¶ 15–20; Strickland, 466 U.S. at 691 ("Counsel's actions are usually based, quite properly, on informed strategic choices made by the defendant."). And counsel discussed Phillips's options with him before Phillips entered his guilty plea. See [D.E. 46] 15; [D.E. 46-1] ¶¶ 15–20. Moreover, Phillips affirmed that he was, in fact, guilty of counts three and four. Accordingly, Phillips's guilty plea was knowing and voluntary, and the court accepted Phillips's plea with a proper factual basis. Additionally, based on Phillips's sworn statements, his claim that counsel coerced him into pleading guilty fails.

Phillips also contends that his counsel ineffectively failed to investigate and challenge numerous alleged problems with the searches, seizures, and arrest in his case. See [D.E. 42] 5; [D.E. 46] 9–14. Specifically, Phillips alleges that the Fayetteville Police Department faked Phillips's confession and manufactured probable cause, that the Magistrate who issued the warrants was not neutral and "rubber stamped" the searches, and that the warrant for Phillips's cell phone did not satisfy the particularity requirement. See [D.E. 46] 9–14. Where an ineffectiveness claim is based on counsel's failure to file a motion to suppress, "[u]nder the deficient performance prong of Strickland, it is enough to call into question counsel's performance that an unfiled motion would have had 'some substance.'" Grueninger v. Dir., Virginia Dep't of Corr., 813 F.3d 517, 524–25 (4th Cir. 2016) (quotation omitted); see Tice v. Johnson, 647 F.3d 87, 104 (4th Cir. 2011). "And the prejudice prong in such cases has two distinct components, with the petitioner required to show both (1) that the motion was meritorious and likely would have been granted, and (2) a reasonable probability that granting the motion would have affected the outcome of his trial." Grueninger, 813 F.3d at 525; see Kimmelman v. Morrison, 477 U.S. 365, 375 (1986); Tice, 647 F.3d at 104. Here, however, law enforcement officers did not recover the firearms and drugs that animated Phillip's guilty plea in the search of Phillips's car or pursuant to the search warrant. See PSR ¶ 11. Rather,

7

Phillips's girlfriend voluntarily provided those items to law enforcement officers and told them that she moved the items from Phillips's residence and stored them at his cousin's house. See id. Thus, Phillips's Fourth Amendment claims lack merit, and counsel was not ineffective for failing to raise them. See Knowles v. Mirzayance, 556 U.S. 111, 124–27 (2009); Grueninger, 813 F.3d at 524–25; United States v. Pressley, 990 F.3d 383, 388 (4th Cir. 2021); Tice, 647 F.3d at 104.[4]

As for Phillips's contention that counsel "lied to [Phillips] to get him to waive his fast and speedy trial rights," Phillips's allegations are bare assertions of misconduct by counsel. [D.E. 46] 9. He does not specify what "lies" his counsel told him or plausibly allege that counsel performed deficiently. Id. at 8–9. Phillips also does not offer any support for the assertion that there was more than one presentment to the grand jury or that there was a basis for a speedy trial violation.

Next, Phillips contends that defense counsel should have moved to dismiss a superseding indictment in his case based on the timing of the alleged superseding indictment and claims that the United States filed a superseding indictment because "the United States was enraged it could not coerce [Phillips] to cooperate against other citizens he did not know." Id. at 8. However, there was no superseding indictment in Phillips's case. Phillips's unsupported, bald assertions of misconduct fail to state a claim of ineffective assistance. On the contrary, the record demonstrates that defense counsel moved to continue Phillips's arraignment in order to help Phillips, including allowing Phillips additional time to review discovery. See [D.E. 20]. Considering the claims that Phillips wanted counsel to investigate, see, e.g., [D.E. 42] 5, 8; [D.E. 46] 11; [D.E. 46-1] ¶¶ 15–20, moving

_____

[4] Alternatively, Phillips's knowing and voluntary guilty plea "constitutes an admission of the material elements of the crime, and waives non-jurisdictional errors, including claims of unlawful search and seizure based on the Fourth Amendment." United States v. Moxley, 3 F. App'x 95, 96 (4th Cir. 2001) (per curiam) (unpublished) (citation omitted); see Tollett v. Henderson, 411 U.S. 258, 267 (1973).

8

to continue Phillips's arraignment to allow more time to review discovery makes obvious strategic sense and is well within "the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689.

Phillips also contends that defense counsel was ineffective because counsel had a conflict of interest. See [D.E. 46] 15. "The effective performance of counsel requires meaningful compliance with the duty of loyalty and the duty to avoid conflicts of interest, and a breach of these basic duties can lead to ineffective representation." United States v. Tatum, 943 F.2d 370, 375 (4th Cir.1991); Cuyler v. Sullivan, 446 U.S. 335, 345–50 (1980); see also Strickland, 466 U.S. at 692; United States v. Nicholson, 475 F.3d 241, 249 (4th Cir. 2007). In order to state a claim concerning a conflict of interest, Phillips must plausibly allege (1) that his lawyer "operated under 'a conflict of interest' and (2) such conflict 'adversely affected his lawyer's performance.'" United States v. Nicholson, 611 F.3d 191, 195 n.2 (4th Cir. 2010) (quoting Sullivan, 446 U.S. at 348). Phillips alleges that the assistant federal public defender in his case "was acting under a conflict of interest . . . because his entire defense stratagy [sic] was to plead the defendant out and help staff in the United States Attorney's Office to coerce Mr. Phillips to cooperate against other persons of interest." [D.E. 46] 15. Phillips implausibly alleges that his counsel desired to help the prosecution. See, e.g., id. at 8–9, 15. These spurious allegations do not state a claim of ineffective assistance of counsel. See Iqbal, 556 U.S. at 677–79; Giarratano, 521 F.3d at 302. On the contrary, defense counsel's performance falls comfortably within the wide range of professionally competent representation. Thus, Phillips has not plausibly alleged any conflict of interest or how that alleged conflict adversely affected counsel's performance. See, e.g., Iqbal, 556 U.S. at 677–78; Cuyler, 446 U.S. at 345–50.

After reviewing the claims presented in Phillips's motion, the court finds that reasonable jurists would not find the court's treatment of Phillips's claims debatable or wrong and that the

9

claims do not deserve encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000).

III.

In sum, the court GRANTS petitioner's motion to amend [D.E. 57], GRANTS respondent's motion to dismiss [D.E. 58], DISMISSES petitioner's section 2255 motion [D.E. 42], and DENIES a certificate of appealability. The clerk shall close the case.

SO ORDERED. This 27 day of May, 2022.

JAMES C. DEVER III
United States District Judge

10