IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:18-CR-00435-D-1

| UNITED STATES OF AMERICA | ) | GOVERNMENT'S RESPONSE TO |
| --- | --- | --- |
|  | ) | MOTION FOR SENTENCING |
| v. | ) | MODIFICATION PURSUANT TO |
|  | ) | FIRST STEP ACT OF 2018 |
| EDDIE LAMAR PHILLIPS | ) |  |

The United States of America, by and through the United States Attorney for the Eastern District of North Carolina, responds in opposition to Defendant's pro se motion to modify his sentence pursuant to the First Step Act of 2018. Defendant's motion should be denied as he is not eligible for a sentence reduction under Section 404 of the First Step Act. As no relief is available to Defendant for modification of his sentence, the motion should be denied.

## FACTUAL AND PROCEDURAL SUMMARY

On April 24, 2018, officers with the Fayetteville Police Department ("FPD") in Fayetteville, North Carolina, conducted a traffic stop for a window tint violation on a vehicle driven by Defendant. PSR at ¶ 9. The officer recognized Defendant from previous interactions and asked the defendant if he had been smoking marijuana, to which he replied, "yes." *Id*. A K-9 alerted to contraband inside Defendant's vehicle; when officers searched the vehicle, a jar of marijuana "moon rocks" was recovered[1]. *Id*. When officers searched Defendant, they recovered $1,125 in U.S. currency, a bag

---

[1] Moon rocks are marijuana buds dipped in THC oil and then rolled in THC crystals.

of marijuana, and 5 moon rocks. In total, approximately 26.7 grams of marijuana was recovered. *Id.* After Defendant was arrested, he made an unprotected statement admitting to officers that he sold heroin and firearms and possessed both at his Fayetteville residence. PSR at ¶ 10. As a result, FPD obtained a search warrant for Defendant's phone and residence. *Id.* The Defendant's phone contained multiple discussions regarding Defendant selling heroin and firearms. *Id.* During the search of Defendant's home, FPD seized a money counter, multiple cell phones, over 200 rounds of ammunition, handgun magazines, and an unspecified amount of marijuana. *Id.* Officers did not locate any heroin or firearms at Defendant's residence. PSR at ¶ 11.

FPD contacted Defendant's girlfriend, Cierra McMillian, regarding the missing contraband. PSR at ¶ 11. McMillian admitted that following the traffic stop, she went to Defendant's residence and moved the heroin and firearms to Defendant's cousin's house in Fayetteville. *Id.* Later the same day, FPD accompanied McMillian to retrieve the heroin and firearms. *Id.* McMillian turned over 9.1 grams of cocaine, 12.8 grams of crack, a total of 83.8 grams of heroin in 838 bindles, 3.5 grams of marijuana, a .380 caliber handgun, a 9mm handgun, and a .25 caliber handgun[2]. *Id.*

On April 26, 2018, Defendant provided another unprotected statement explaining where and how he had purchased the firearms. *Id.* Specifically, he acknowledged trading a "bundle" of heroin for the .380 caliber handgun. *Id.* Defendant also admitted that he possessed the firearms to protect his family and

---

[2] The heroin is not included in Defendant's total accountability to avoid potential double counting.
2

drugs after having 50 grams of heroin stolen from him in February 2018. *Id*. Defendant admitted that he had previously purchased approximately 500 grams of heroin, one brick (5 grams) at a time, although he did not provide specific timeframes. *Id*.

Defendant was indicted on November 7, 2018, on four counts: (1) possession with intent to distribute marijuana, in violation of 21 U.S.C. §841(a)(1); (2) possession with intent to distribute marijuana and heroin, and quantities of cocaine and cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1); (3) possession, use, carrying and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c); and (4) felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). D.E. 1. On February 15, 2019, Defendant pleaded guilty to counts three and four pursuant to a written plea agreement. D.E. 24. Counts one and two were dismissed as part of the plea agreement. D.E. 24.

Defendant was sentenced on June 3, 2019. D.E. 35. The Court sentenced Defendant to 60 months' imprisonment on count three, and a consecutive term of 84 months' imprisonment on count five, producing an aggregate custodial sentence of 114 months' imprisonment. *Id*. The Court also sentenced Defendant to concurrent terms of five years' supervised release on both counts. *Id*. Defendant was ordered to pay a $100 special assessment. *Id*. Defendant is currently serving his sentence at USP McCreary in Pine Knot, Kentucky, with a release date of March 6, 2029. *See* [https://www.bop.gov/inmateloc/; Number 65532-056; last visited November 3, 2022].

3
Case 5:18-cr-00435-D    Document 73    Filed 11/03/22    Page 3 of 9

Defendant has a serious criminal record. Starting at age 17, Defendant began committing drug related offenses. PSR at ¶¶ 20 – 35. Defendant was convicted of approximately 10 drug-related crimes, from simple possession to possession with intent to manufacture, sell, or deliver heroin. *Id.* Defendant also has domestic violence convictions for which he served short sentences of incarceration. Defendant was only 31 when he was sentenced for this case. PSR at 2.

On January 28, 2020, Defendant filed a motion pursuant to 28 U.S.C. § 2255. D.E. 42. On June 26, 2020, the United States filed a motion to dismiss in response. D.E. 58; D.E. 59. On May 27, 2022, the Court dismissed Defendant's motion. D.E. 66. On September 12, 2022, Defendant filed a pro-se, one-page request for a sentence reduction under the First Step Act. D.E. 67. Defendant's motion focuses solely on his conviction under 18 U.S.C. § 922(g).

## **LEGAL ANALYSIS**

On August 3, 2010, Congress enacted the Fair Sentencing Act of 2010 ("FSA"), Pub. L. No. 11-220, 124 Stat. 2372, reducing the statutory penalties for crack trafficking and possession offenses. The FSA established new crack thresholds for mandatory minimum and maximum sentences, but only applied to sentences imposed after the FSA's enactment.

Eight years later, on December 21, 2018, Congress enacted the First Step Act of 2018 ("First Step Act"), Pub. L. No. 115-391, 132 Stat. 5194, allowing courts to impose reduced sentences for defendants serving sentences for crack offenses committed before the enactment of the Fair Sentencing Act (August 3, 2010). Under

Section 404 of the First Step Act, the court may impose a reduced sentence only if it previously imposed a sentence for a "covered offense"—i.e., a "violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010." Pub. L. No. 115-391, at 5222 § 404(a). Therefore, the sentencing retroactivity of the First Step Act is limited to the crack offenses modified in the Fair Sentencing Act.

The First Step Act also amended mandatory minimum sentences for first-time offenders convicted of multiple counts of using or carrying a firearm during a crime of violence. *Id*. at 5221-22 § 403. Specifically, Section 403 amended firearm offenses under 18 U.S.C. § 924(c) to require that the larger penalty for a "second or subsequent" § 924(c) conviction only applies if the offense occurred after the defendant's prior conviction. *Id*. A defendant would no longer be subject to the mandatory 25-year minimum sentence on a second conviction if the two § 924(c) charges arose from the same offense. *See McCoy*, 981 F.3d at 274 (explaining the First Step Act "ended sentence 'stacking'" under § 924(c)); *United States v. Jordan*, 952 F.3d 160, 171–72 (4th Cir. 2020), *cert. denied*, 141 S. Ct. 1051 (2021) (stating "the 25-year mandatory minimum is reserved for recidivist offenders, and no longer applies to multiple § 924(c) convictions obtained in a single prosecution."). Unlike Section 404, the First Step Act did not make Section 403 retroactive. Section 403(b) "Applicability to Pending Cases" states:

> "This section, and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment."

Pub. L. No. 115-391, at 5222 § 403(b).

## ARGUMENT

Defendant's request for sentence modification does not specify under which statutory authority he brings this motion. D.E. 67. The motion cites to the First Step Act "now" being "applicable to him," None of these support Defendant's immediate release or in any way disturb this Court's prior ruling on compassionate release under the First Step Act. D.E. 120 (order denying prior motion).

The First Step Act does not apply to Defendant's case, either for his § 924(c) conviction or for his §922(g) conviction. Defendant admits in his motion that his conviction for § 924(c) does not qualify for First Step Act relief. His assertion is correct. Defendant committed his offenses in April 2018; thus, he is not serving a sentence for a "covered offense" committed *before the enactment of the Fair Sentencing Act* (August 3, 2010). *See* Pub. L. No. 115-391 at 5222 § 404(a) (giving definition); s*ee, e.g., United States v. Bennett*, 855 F. App'x 133 (4th Cir. 2021) (denying relief when conviction was not for a "covered offense"). The basis for Defendant's request is that his conviction under 18 U.S.C. § 922(g) qualifies for First Step Act relief. Defendant is wrong. Section 404 of the First Step Act is purposefully narrow in scope. It does not extend to convictions of federal firearms offenses – it applies solely to statutory drug weight minimums in the Fair Sentencing Act.

Moreover, should the Court consider Defendant's motion to fall within the scope of § 403 of the First Step Act, his claim also fails. Importantly, Defendant was only charged with one count of § 924(c), and he has no prior 924(c) convictions. Pub.

L. No. 115-391 at 5221-22 § 404. Thus, Defendant has no relief under this section of the First Step Act.

Finally, even if this Court determines Defendant's sentence is eligible for further review, any reduction in sentence under the First Step Act is discretionary. Pub. L. No. 115-391 at 5222 § 404(c). Defendant puts forth no new arguments that would change the balance of the § 3553(a) factors today. Defendant has not proffered any information to suggest rehabilitation. In support of his motion, he simply mentions that he has "completed a lot of F.S.A. programs but do[es] not get the benefit [sic] of 10 days a month & its not fair because [he] [has] a separate 84 months [he's] serving. D.E. 67. Defendant's record presents an individual whose criminal behavior has continued to escalate and now involves firearms in connection with his drug activities. On balance, the 3553(a) factors do not support a sentence reduction.

## CONCLUSION

For all of the reasons stated herein, the Court should deny Defendant's motion for a modification of his term of imprisonment.

Respectfully submitted this 4th day of November 2022.

        MICHAEL F. EASLEY, JR.
        United States Attorney

By:   */s/ Lisa K. Labresh*
      LISA K. LABRESH
      Special Assistant U.S. Attorney
      150 Fayetteville Street, Suite 2100
      Raleigh, NC 27601
      Phone: (919) 856-4325
      Email: lisa.labresh@usdoj.gov
      MA Bar No. 685162
      CA State Bar No. 333480

CERTIFICATE OF SERVICE

This certifies that a copy of this motion has, this 4th day of November, 2022, been served upon the defendant by filing an electronic copy via CM/ECF and by mail:

> Eddie Lamar Phillips
> Reg. No. 65532-056
> 330 Federal Way
> Pine Knot, KY 42635

By: */s/ Lisa K. Labresh*
LISA K. LABRESH
Special Assistant U.S. Attorney
150 Fayetteville Street, Suite 2100
Raleigh, NC 27601
Phone: (919) 856-4325
Email: lisa.labresh@usdoj.gov
MA Bar No. 685162
CA State Bar No. 333480